**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| VANESSA RIVERA, on behalf of herself and others similarly situated, | |
| Plaintiff, | Case No. 6:23-cv-02278-PGB-DCI |
| v. | |
| SEATTLE SERVICE BUREAU, INC. dba NATIONAL SERVICE BUREAU, | |
| Defendant. | |

**FIRST AMENDEED ANSWER AND AFFIRMATIVE DEFENSES**

Defendant SEATTLE SERVICE BUREAU, INC. dba NATIONAL SERVICE BUREAU ("Defendant") hereby files its Answer and Affirmative Defenses to the Complaint of Plaintiff VANESSA RIVERA ("Plaintiff") as follows:

**Jurisdiction and Venue**

1.   Defendant denies that the matter in controversy exceeds the sum or value of $50,000, exclusive of interest, costs, and attorney's fees.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 1 of the Complaint, which also constitute legal conclusions.

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint, which also constitute legal conclusions.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint, which also constitute legal conclusions.

4. Defendant denies the allegations in Paragraph 4 of the Complaint.

### Parties

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint.

6. Defendant admits that it is a Washington corporation with a business office in Bothell, Washington.

### Demand for Jury Trial

7. Defendant admits that Plaintiff demands a trial by jury.

### Allegations

8. Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant admits that it is a business entity that engages in debt collection. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 12 of the Complaint.

13. Defendant admits that it is a business entity that engages in debt collection, including consumer debts.

14. Defendant admits that it is a business entity that engages in debt collection. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 14 of the Complaint, which also constitute legal conclusions.

15. Defendant admits that it is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

16. Defendant admits that its "Consumer Collection Agency" license number is CCA9901936.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint, which also constitute legal conclusions.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint, which also constitute legal conclusions.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint, which also calls for a legal conclusion.

20. Defendant admits that it maintains debt collection policies and procedures. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 20 of the Complaint, which also constitute legal conclusions.

21. Defendant admits that it is a business entity that engages in debt collection. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 21 of the Complaint, which also constitute legal conclusions.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint, which also constitute legal conclusions.

23. Paragraph 23 of the Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies them. Moreover, the allegations constitute legal conclusions to which no response is required.

24. Paragraph 24 of the Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any

affirmative allegations against Defendant, Defendant denies them. Moreover, the allegations constitute legal conclusions to which no response is required.

25. Paragraph 25 of the Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies them. Moreover, the allegations constitute legal conclusions to which no response is required.

## The Communication

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint. Moreover, Defendant alleges that the document speaks for itself.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Complaint. Moreover, Defendant alleges that the document speaks for itself.

30. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint. Moreover, Defendant alleges that the document speaks for itself.

31.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint.  Moreover, Defendant alleges that the document speaks for itself.

32.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint.  Moreover, Defendant alleges that the document speaks for itself.

## Class Allegations

33.   Defendant admits that Plaintiff has brought this action on behalf of a proposed class.  Defendant denies that class action treatment is appropriate, and further denies any remaining allegations in Paragraph 33 of the Complaint.

34.   Defendant denies the allegations in Paragraph 34 of the Complaint.

35.   Defendant denies the allegations in Paragraph 35 of the Complaint.

36.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint.

37.   Defendant denies the allegations in Paragraph 37 of the Complaint.

38.   Defendant denies the allegations in Paragraph 38 of the Complaint.

39.   Defendant denies the allegations in Paragraph 39 of the Complaint.

40.   Defendant denies the allegations in Paragraph 40 of the Complaint.

41.   Defendant denies the allegations in Paragraph 41 of the Complaint.

42.   Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

## Count I

46. Defendant incorporates by reference its responses set forth above.

47. Paragraph 47 of the Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies them. Moreover, the allegations constitute legal conclusions to which no response is required.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies that Plaintiff and the putative class members are entitled to the relief requested in Paragraph 49 of the Complaint.

## Count II

50. Defendant incorporates by reference its responses set forth above.

51. Paragraph 51 of the Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies them. Moreover, the allegations constitute legal conclusions to which no response is required.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant denies that Plaintiff and the putative class members are entitled to the relief requested in Paragraph 53 of the Complaint.

## **AFFIRMATIVE DEFENSES**

1. As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint, and all allegations contained therein, or portions thereof, are, or may be, barred by the applicable statute(s) of limitations.

3. As a separate, affirmative defense, Defendant alleges that if it is assumed, *arguendo*, that Defendant violated a statute as alleged in Plaintiff's Complaint, which presupposition Defendant denies, such violation was not intentional, and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

4. As a separate, affirmative defense, Defendant alleges that the injuries, losses, or damages alleged in the Complaint were caused, or causally contributed to, by the comparative fault, negligence, negligence per se, assumption of the risk, and/or culpable conduct of Plaintiff, the putative class members, and/or others for whom Defendant is not responsible.

5. As a separate, affirmative defense, Defendant alleges that it did not engage in any conduct that was intentional, knowing, willful, reckless, malicious, wanton or outrageous, and that Defendant at all times acted in good faith.

6. As a separate, affirmative defense, Defendant alleges that Plaintiff's claims, and/or the claims of the putative class members, are barred because they lack standing and/or jurisdiction to assert them, *inter alia*, because they have suffered no injury-in-fact.

7. As a separate, affirmative defense, Defendant alleges that Plaintiff's claims may be barred by the doctrines of unclean hands, laches, waiver, res judicata, estoppel, collateral estoppel, judicial estoppel and/or other equitable doctrines.

8. As a separate, affirmative defense, Defendant alleges that the claims of Plaintiff and/or the putative class members may be subject to an arbitration agreement and/or a class action waiver. If so, Defendant reserves its right to enforce the agreement(s).

9. As a separate, affirmative defense, Defendant alleges, to the extent that Plaintiff and/or the putative class members claim to have suffered damages, which is disputed by Defendant, they have failed to mitigate any such claimed damages.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, for a judgment in favor of Defendant and against Plaintiff, for all

attorneys' fees and costs incurred by Defendant herein, and for such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial.

Respectfully submitted,

Date: December 19, 2023

/s/ Marc S. Dobin
Marc S. Dobin
Florida Bar No. 997803
DOBINLAW, P.A.
11954 SW Sandy Bay Cir.
Port St. Lucie, FL 34987
Telephone: (561) 515-5295
Email: MDobin@Dobinlaw.com

*Attorneys for Defendant*
Seattle Service Bureau, Inc. d/b/a National Service Bureau